IN THE UNITED STATES DISTRICT COURT FOR
THE MIDDLE DISTRICT OF ALABAMA
MIDDLE DIVISION

RECEIVED

2007 JUL 26  A 9: 34

| | | |
|---|---|---|
| ELIZABETH JACOBS, | ) | ~~DE~~A P. HACKETT, CLK |
| | ) | U.S. DISTRICT COURT |
| Plaintiff, | ) | MIDDLE DISTRICT ALA |
| | ) | |
| v. | ) | CASE NO. _____ |
| | ) | |
| BOBBY N. BRIGHT, RICHARD | ) | 2:07cv675-WKW |
| ALLEN and THE CITY OF | ) | |
| MONTGOMERY, ALABAMA, | ) | |
| | ) | |
| Defendants. | ) | |

COMPLAINT

I.    INTRODUCTORY AND JURISDICTIONAL STATEMENTS

1.    This is a civil action brought by plaintiff, a Merit Employee I of the City of

Montgomery, Alabama seeking injunctive and compensatory relief arising from a deprivation

of her liberty, under color of law, without due process of law in violation of the Fourteenth

Amendment to the United States Constitution as guaranteed and protected by 42 USC 1983, on

or about the dates set forth herein. More specifically, plaintiff claims that as a merit employee

she was deprived of her right to a prescribed hearing under the laws of the State of Alabama

resulting in damage to her reputation as an employee which adversely affects her opportunity

for promotion and other considerations in employment at her job.

2.    Jurisdiction of this honorable Court is invoked pursuant to 28 USC 1343 (civil

rights jurisdiction) and 28 USC 1331 (federal question jurisdiction).

II. PARTIES

3.    Plaintiff is a resident of Montgomery County, Alabama and was over the age of

eighteen years next preceding the filing of this action.

    4.      Defendant Bobby N. Bright is the Mayor of the City of Montgomery, Alabama and was the Appointing Authority of plaintiff in this matter and sits as the final authority who imposed the punishment upon plaintiff for which she complains.

    5.      Defendant Richard Allen is the supervisor of plaintiff who initially imposed punishment upon plaintiff and who is a resident of Montgomery County, Alabama and who is over the age of eighteen years.

    6.      Defendant City of Montgomery is a municipal corporation within the State of Alabama and is the employer of defendant Bright.

### III. FACTS

    7.      Plaintiff is a permanent employee for the City of Montgomery, Alabama, under its Merit System pursuant to Act 2280 of the State of Alabama, as a Security Officer at the Montgomery Museum of Fine Arts and complains of acts and omissions of defendants on or about the dates mentioned herein.

    8.      From December 8, 2006 to March 8. 2007 the plaintiff was given a First Shift Work Schedule setting forth that on Thursdays of each week her employment hours were from 4:30 P.M. to 12:30 A.M.

    9.      However, she was also given a Security Officers Post Schedule for the same period of time stating that her employment hours for that date were from 4:30 P.M. to 12:00 P.M.

    10.     Plaintiff followed the directions of the Post Schedule and would leave her job at 12:00 P.M. rather than at the 12:30 P.M. hour.

    11.     On February 23, 2007 plaintiff received a telephone call from her supervisor,

Shirley Woods, to discuss her leaving early as shown on her time sheet for the month of December 2006.

12.    She was specially charged with prematurely leaving her job from December 15, 2006 through February 23, 200 and also being insubordinate over the telephone.

13.    On February 24, 2007 the plaintiff met with Security Chief Richard Allen and requested an administrative hearing with Museum Director Mark Johnson.

14.    On March 1, 2007 plaintiff met with Director Johnson, Chief Allen and Mrs. Woods and the charges against her were presented.

15.    Plaintiff was apparently suspended for both the charge of insubordination and the charge of not working the scheduled hours.

16.    Attached to the Notification of Suspension received by plaintiff is a "Employee Counseling Record" which reflects the abovementioned meeting with plaintiff although no personnel rules and regulations provide for authority to counsel employees and the meeting appears to have been held pursuant to Rule VIII, Section 13 of the City and County of Montgomery Rules and Regulations during which time the employee is to be given full opportunity to present her views and the appointing authority shall take such action that it deems proper.

17.    Under the said City and County of Montgomery Rules and Regulation the only authorized employer-employee problem resolution is contained in Rule VIII, Section6, page 39 of the said rules and regulations which only concerns problems arising under the federal Family and Medical Leave Act and there is no further authorization for counseling under the said rules and regulations.

18.    At page 48 of said rules and regulations, concerning the "Rights of Employee"

item (d) requires that at a hearing of the board each employee shall be entitled to cross-examine all witnesses appearing against the employee and item (g) provides that each employee has the right to argue his case.

19.. On that same date, February 24, 2007, Woods recommended that plaintiff be suspended, without pay, for five (5) days because she stole 4.5 hours from the "Museum and the City of Montgomery" which recommendation was accepted by Allen on that date.

20. Although plaintiff was told that her record of stealing time would only remain as a record for two years.

21. On March 12. 2007 defendant Bobby N. Bright, as Mayor of the City of Montgomery, Alabama and its Appointing Authority, approved a three (3) day suspension from 8;00 A.M. on March 11, 2007 until 5:00 P.M. on March 13, 2007 which suspension was adopted by the city's Personnel Department.

22. Rule IX, Section 4 of the City and County of Montgomery Personnel Board Rules and Regulations, Alabama Act 2280 and the Notification of Suspension itself state that plaintiff, owing to her permanent status, could not appeal a suspension of less than thirty (30) days.

23. Rule VIII, Section 12 of the said Rules and Regulations concerns itself with Service Ratings and states that such ratings may to be done by administrative officers and such ratings may be considered in determining salary adjustments within designated salary ranges and as a factor in the order of layoffs and rating of employees for promotional purposes.

24. The suspension will be considered by an administration officer is determining her service rating.

25. Notification of the suspension was not received by plaintiff until March 12. 2007,

one day after her suspension period began.

26    Rule VIII, Section 12(b) of the said Rules and Regulations provides that no

permanent employee may be suspended "for cause" by any appointing authority unless and

until such employee has been given written notice setting forth with particularity the charges

against him and an opportunity to be heard prior to the suspension.

27.    By such acts and omissions of the defendants were done pursuant to the custom

and policy of the defendants thereby causing the plaintiff to suffer financial loss and emotional

distress..

## IV. COUNT ONE

28.    Plaintiff re-alleges paragraphs 1 thru 27 above as though specifically set forth

herein.

29.    Plaintiff alleges that the statutory and customary practice of denying permanent

employees a right to an appeal of a suspension of 30 days or less, which practice was followed

by all defendants, deprived her of her property right in her employment and her property right

to maintain an acceptable service rating which adversely affects her status in receiving raises,

layoffs and promotions. By such acts and omissions the plaintiff was deprived of her property

without due process of law and equal protection of the law as described in the Fifth

Amendment and provided for in the Fourteenth Amendment to the United States Constitution

under 42 USC 1983.

WHEREFORE, THESE PREMISES CONSIDERED, plaintiff prays:

1.    That service of process be had on the defendants requiring them

to answer this complain within the time required by law.

2.    That at a trial the plaintiff's record be cleared of stealing any time from

the museum or "cheat" the museum of such time.

3.    Compensatory damages.

4.    That plaintiff be awarded attorney fees and the cost of these

proceedings.

5.    That the statute and custom prohibiting permanent employees of the

City from appealing suspensions of 30 days or less be declared

unconstitutional.

6.    That this honorable Court grant such further relief that it deems just and

proper.

## COUNT TWO

30.    Plaintiff re-alleges paragraphs 1 thru 29 above as though specifically set forth

herein.

31.    Plaintiff alleges that the imposition of her sentence before she had received notice of

same violated Rule VIII, Section 12(b) of the previously mentioned rules and regulations and,

by such acts and omissions, deprived plaintiff of her right to sue process and equal protection

of the law as guaranteed by the Fourteenth Amendment to the United States Constitution under

32 USC 1983.

WHEREFORE, plaintiff prays for the same relief sought in Count One above.

Respectfully submitted,

ATTORNEY FOR PLAINTIFF
BRUCE BOYNTON
BRUCE CARVER BOYNTON, LLC
Post Office Box 389
Selma, AL  36702

(334) 874-6758
E-mail: bboynton302@charter.net