IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH JACOBS, | * |
| Plaintiff, | * |
| vs. | *  CASE NO: 2:07-cv-675-WKW |
| BOBBY N. BRIGHT, RICHARD ALLEN and THE CITY OF MONTGOMERY and | * |
| Defendants. | * |

## ANSWER

Defendants, Bobby N. Bright ("Bright"), Richard Allen ("Allen") and City of Montgomery ("the City"), in the above styled action, submit the following Answer to Plaintiff's Complaint:

### INTRODUCTORY AND JURISDICTIONAL STATEMENTS

1.   Defendants deny the allegations in paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

2.   Admitted.

### PARTIES

3.   Defendants deny the allegations in paragraph 3 of Plaintiff's Complaint and demand strict proof thereof.

4.   Defendants admit that Bobby N. Bright is the Mayor and Appointing Authority of the City of Montgomery and deny any remaining allegations in paragraph 4 of Plaintiff's Complaint and demand strict proof thereof.

5. Defendants admit that Richard Allen is the supervisor of plaintiff and deny any allegations in paragraph 5 of Plaintiff's Complaint and demand strict proof thereof.

6. Defendants admit that the City of Montgomery is a municipal corporation in the State of Alabama and deny any allegations in paragraph 6 of Plaintiff's Complaint and demand strict proof thereof.

### III.  FACTS

7. Defendants admit plaintiff is a permanent employee with the City of Montgomery as Museum Security Officer and deny any remaining allegations in paragraph 7 of Plaintiff's Complaint and demand strict proof thereof.

8. Admitted.

9. Defendants deny the allegations in paragraph 9 of Plaintiff's Complaint and demand strict proof thereof.

10. Defendants admit that plaintiff left her job at 12:00 p.m. rather than at 12:30 p.m. and deny any remaining allegations in paragraph 10 of Plaintiff's Complaint and demand strict proof thereof.

11. Admitted.

12. Defendants deny the allegations in paragraph 12 of Plaintiff's Complaint and demand strict proof thereof.

13. Admitted.

14. Admitted.

15. Admitted.

16. Defendants deny the allegations in paragraph 16 of Plaintiff's Complaint and demand strict proof thereof.

17. Defendants deny the allegations in paragraph 17 of Plaintiff's Complaint and demand strict proof thereof.

18. Defendants deny the allegations in paragraph 18 of Plaintiff's Complaint and demands strict proof thereof.

19. Defendants deny the allegations in paragraph 19 of Plaintiff's Complaint and demand strict proof thereof.

20. Defendants deny the allegations in paragraph 20 of Plaintiff's Complaint and demand strict proof thereof.

21. Defendants deny the allegations in paragraph 21 of Plaintiff's Complaint and demand strict proof thereof.

22. Admitted.

23. Defendants deny the allegations in paragraph 23 of Plaintiff's Complaint and demand strict proof thereof.

24. Defendants deny the allegations in paragraph 24 of Plaintiff's Complaint and demand strict proof thereof.

25. Defendants deny the allegations in paragraph 25 of Plaintiff's Complaint and demand strict proof thereof.

26. Defendants deny the allegations in paragraph 26 of Plaintiff's Complaint and demand strict proof thereof.

27. Defendants deny the allegations in paragraph 27 of Plaintiff's Complaint and demand strict proof thereof.

## IV.   COUNT ONE

28.   Defendants adopt and incorporate the responses set forth in paragraphs 1-27 of Plaintiff's Complaint.

29.   Defendants deny the allegations in paragraph 29 of Plaintiff's Complaint and demand strict proof thereof.

## COUNT TWO

30.   Defendants adopt and incorporate the responses set forth in paragraphs 1-29 of Plaintiff's Complaint.

31.   Defendants deny the allegations in paragraph 31 of Plaintiff's Complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Defendants assert that the Complaint fails to state a cause of action upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Defendants deny that Plaintiff is entitled to any relief.

### THIRD AFFIRMATIVE DEFENSE

Defendants plead the general issue.

### FOURTH AFFIRMATIVE DEFENSE

Defendants deny all material allegations not specifically admitted and demand strict proof thereof.

### FIFTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to state any adverse employment action or damages caused by Defendants which violated Plaintiff's constitutional rights or for which any relief can be granted.

### SIXTH AFFIRMATIVE DEFENSE

Defendants assert that Plaintiff has failed to state any custom or policy of Defendants which violated Plaintiff's constitutional rights or for which any relief can be granted.

### SEVENTH AFFIRMATIVE DEFENSE

Defendants plead substantive, qualified and/or discretionary function immunity.

### EIGHTH AFFIRMATIVE DEFENSE

Defendants plead that Plaintiff's Complaint regarding Act 2280, *Acts of* Alabama, should be dismissed in that Plaintiff has failed to state a claim against Defendants for which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Defendants plead that Plaintiff is not entitled to any award of damages.

### RESERVATION OF DEFENSES

Defendants reserve the right to plead additional defenses as they become known in the course of discovery.

Respectfully submitted this the 20th day of August, 2007.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama 36101-1111
Telephone: (334) 241-2050
Facsimile: (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the following by electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 20th day of August 2007:

Bruce Boynton.
Bruce Carver Boynton, LLC
Post Office Box 389
Selma, AL 36702

/s/ Kimberly O. Fehl
OF COUNSEL