**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION**

| | |
|---|---|
| **ELIZABETH JACOBS,** | * |
| | * |
| Plaintiff, | * |
| | * |
| vs. | *     CASE NO:  2:07-cv-675-WKW |
| | * |
| **BOBBY N. BRIGHT,** | * |
| **RICHARD ALLEN and** | * |
| **THE CITY OF MONTGOMERY and** | * |
| | * |
| Defendants. | * |

**DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

Defendants, Bobby N. Bright (" Mayor"), Richard Allen ("Allen") and City of Montgomery ("the City"), in the above styled action, pursuant to Rule 56 of the *Federal Rules of Civil Procedure*, move the Court for summary judgment as the facts and law of this case show that there is no genuine issue as to any material fact and that as moving parties are entitled to judgment as a matter of law. In support of the Motion for Summary Judgment, Defendants rely on the Complaint and Answer; responses to discovery and Defendants' Memorandum of Law in Support of Summary Judgment with the following evidentiary submissions attached thereto:

> *DX 1, Affidavit of Barbara Montoya with attachments.*
>
> *DX 2, Affidavit of Mark Johnson.*
>
> *DX 3, Affidavit of Shirley Woods with attachment.*
>
> *DX 4, Affidavit of Richard Allen with attachment.*
>
> *DX 5, Defendant Richard Allen's Responses to Plaintiff's First Set of Interrogatories and Requests for Production of Documents.*

Plaintiff Elizabeth Jacobs challenges the constitutionality of certain sections of Act 2280,

1

*ALA. Acts (1971)* ("the Merit System Act") and the Rules and Regulations passed by the City-County of Montgomery Personnel Board ("the Rules") which augment and clarify of the Merit System Act.   For the reasons set forth herein, Defendants City of Montgomery, Mayor Bobby Bright and Richard Allen are entitled to summary judgment on all claims as a matter of law.

Plaintiff has not notified the Attorney General, pursuant to § 6-6-227, *ALA.Code* 1975, that she is challenging the constitutionality of Act 2280. Service on the attorney general is mandatory and jurisdictional. *Barger v. Barger,* 410 So.2d 17 (Ala.1982). If the party challenging the constitutionality of a statute or act fails to serve the attorney general with notice, the trial court has no jurisdiction to decide the constitutional claim, *Guy v. Southwest Alabama Council on Alcoholism,* 475 So.2d 1190 (Ala.Civ.App.1985).

The Rules are promulgated by the City-County of Montgomery Personnel Board and not those of the City of Montgomery.  The Personnel Department is a separate entity from the City and serves as the personnel department for the City, the County of Montgomery, the Montgomery Airport Authority and the Montgomery Housing Authority.  The Personnel Department consists of the Personnel Board and the Personnel Director and such other employees to assist the agencies.  One of the functions of the Board is to formulate and promulgate a set of rules to supplement the Merit System Act.

Plaintiff cannot prevail against Defendants on her Fifth Amendment due process claim.  The Fifth Amendment Due Process Clause cannot provide a basis for liability here because it "applies only to the federal government." *Sweatt v. Bailey*, 876 F. Supp. 1571, 1582 (M.D. Ala. 1995).

Nor can Plaintiff cannot claim violation of Fourteenth Amendment substantive due process as her property right in employment is created by state law, Act 2280, *ALA. Acts* (1971). The Eleventh Circuit held that "areas in which substantive rights are created only by state law (as is the

case with tort law and employment law) are not subject to substantive due process protection under the Due Process Clause because 'substantive due process rights are created only by the Constitution.' " *McKinney v. Pate,* 20 F.3d 1550, 1556 (11th Cir.1994)

     Additionally, when Defendant Allen met with Plaintiff and advised her of the charges against her, Plaintiff requested and was given an administrative hearing with Museum Director Mark Johnson. Therefore Plaintiff's procedural due process claims under the Fourteenth Amendment also fail. Due process requires that a "tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story." *Black v. City of Auburn,* 857 F. Supp. 1540 (M.D. Ala. 1994). Here, Plaintiff was provided with oral notice of the charges by the Assistant Museum Director and subsequently provided with written notice from her direct supervisor, Defendant Allen. After Plaintiff's administrative hearing before the Museum Director, Plaintiff's suspension was reduced from five days to three. It is clear that Plaintiff received and benefitted from her due process.

     Finally, Defendants did not violate Plaintiff's right to equal protection of the law as provided by the Fourteenth Amendment. Plaintiff did not identify any other similarly situated permanent employees who were treated differently nor does she claim that her suspension was the product of constitutionally improper motives.

     Jacobs' claims against individual Defendants Bobby Bright and Richard Allen are wholly based on their performance of discretionary functions of their jobs acting in their official capacity.

     Qualified immunity is an affirmative defense to an action pursuant to § 1983 against a government official sued in his or her individual capacity. *See Wilson v. Strong,* 156 F.3d 1131, 1135 (11th Cir.1998). Under the doctrine of qualified immunity, "government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their

conduct does not violate clearly established statutory or constitutional rights of which a reasonable person should have known." *Harlow v. Fitzgerald,* 457 U.S. 800, 818, 102 S.Ct. 2727, 73 L.Ed.2d 396 (1982).  Defendants Bright and Allen are entitled to qualified immunity and all claims against them are due to be dismissed.

Also, Jacobs cannot succeed on her claim against the City under 42 U.S.C. § 1983.  Put simply, there is no custom or policy that has violated Jacobs' constitutional rights.

Conclusory allegations cannot interpose genuine issues of material fact into the litigation so as to preclude entry of summary judgment. *Fed.Rules Civ.Proc.*Rule 56(c).  For the reasons stated herein, Defendants are entitled to summary judgment on all claims.

Respectfully submitted this the 4th day of March, 2008.

/s/ Kimberly O. Fehl
Kimberly O. Fehl (FEH001)

City of Montgomery
Legal Department
Post Office Box 1111
Montgomery, Alabama  36101-1111
Telephone:  (334) 241-2050
Facsimile:   (334) 241-2310

## CERTIFICATE OF SERVICE

I hereby certify that I have mailed a copy of the above and foregoing to the following by electronic mail or by placing a copy of same in the United States Mail, postage prepaid, this 4th day of March 2008:

Bruce Boynton.
Bruce Carver Boynton, LLC
Post Office Box 389
Selma, AL 36702

/s/ Kimberly O. Fehl
OF COUNSEL

4