IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| ELIZABETH JACOBS, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | Case No. 2:07-cv-0675-WKW |
| ) | |
| BOBBY N. BRIGHT, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

This cause is before the court on the defendants' Motion for Summary Judgment (Doc. # 17). Elizabeth Jacobs ("Jacobs"), a female employed as a security officer at the Montgomery Museum of Fine Arts, brings claims of due process and equal protection under 42 U.S.C. § 1983 against the defendants for suspending her without pay and without allowing appeal of the decision. For the reasons set forth below, the defendants' summary judgment motion is due to be granted.

### I. FACTS AND PROCEDURAL HISTORY

Jacobs is employed by the City of Montgomery as a Security Officer at the Montgomery Museum of Fine Arts. (Compl. ¶ 7.) Jacobs claims she received two different work schedules from December 2006 until March 2007. (*Id.* ¶¶ 8-9.) The First Shift Work Schedule set forth an eight hour shift for Jacobs from 4:30 p.m. to 12:30 a.m each Thursday. (*Id.* ¶ 8.) The Security Officers Post Schedule ("Post Schedule") set forth a 7.5 hour shift from 4:30 p.m. to 12:00 a.m. each Thursday. (*Id.* ¶ 9.) Despite receiving pay for an eight hour shift, Jacobs followed the Post Schedule and left work around 12:00 a.m. during this

time period, thereby working only 7.5 hours per shift. (*Id.* ¶ 10.)

Upon review of employee time sheets, Jacobs's supervisors became aware that she was not working all the hours for which she was receiving regular, and sometimes overtime, pay. (Woods Aff. ¶ 2.) On February 23, 2007, the museum's assistant director called Jacobs to inquire as to the discrepancy, at which time Jacobs began yelling at her. (Compl. ¶ 11; Def.'s Mot. Summ. J. Br. 2.) The next day she met with the museum's security chief and requested an administrative hearing. (Compl. ¶ 13.) Both the security chief and the assistant museum director recommended that Jacobs be suspended for five days without pay. (Doc. # 18-2, at 89-90.) On March 1, 2007, an administrative hearing was held with the museum director, the security chief, and the assistant museum director. (Compl. ¶ 14.) As a result of the hearing, the recommended suspension was reduced from five days to three days. (Doc. # 18-2, at 88.) A written notification of suspension was sent to Jacobs via certified mail on the first or second of March 2007. (Doc. # 18-2, at 86; Woods Aff. ¶ 12.) Jacobs was suspended without pay from March 11 to March 13, 2007, during which time Jacobs was not scheduled to work anyway. (Woods Aff. ¶ 12.)

Because the suspension is less than thirty days, Jacobs cannot appeal the decision pursuant to a legislative act and the City and County of Montgomery Personnel Board Rules and Regulations ("Personnel Rules"). The legislative act that established the Montgomery City and County Personnel Board provides that merit employees "shall be subject to suspension without pay by the appointing power and without right of appeal, but such

suspensions shall not exceed a total of thirty days in any fiscal year." Act of Oct. 1, 1971, No. 2280, § 9(b), 1971 Ala. Acts 3671, 3678. Rule IX, Section 4 of the Personnel Rules, which supplements the enabling act, states that "[s]uspensions of thirty (30) calendar days or less may not be appealed to the Personnel Board except as they are provided for in [other Personnel Rules].[1] (Doc. # 18-2, at 65.)

Jacobs filed her unsworn complaint (Doc. # 1) with this court on July 26, 2007. The complaint contains two counts: one that challenges the constitutionality of the prohibition of appealing suspensions less than thirty days and another that alleges the defendants did not follow the notice requirements of the Personnel Rules. (Compl. ¶¶ 28-31.) The defendants filed their summary judgment motion on March 4, 2008. (Doc. # 17.) Pursuant to the court's briefing schedule (Doc. # 14), the plaintiff's response brief was due on March 25, 2008. On the very day her brief was due, Jacobs filed a motion (Doc. # 19) for an enlargement of time to respond to the summary judgment motion. Two days later, the court granted her motion and by order (Doc. # 20) extended her deadline to April 1, 2008. On April 15, 2008, because the plaintiff had still not responded, the court ordered (Doc. # 23) the summary judgment motion to be under submission without response from the plaintiff. Because there was no response from Jacobs and her complaint contains no exhibits and is not sworn, the plaintiff has not presented any evidence whatsoever.

---

[1] The exceptions listed in Rule IX, Section 4 do not apply to the situation at hand, although this may be the result of typographical errors in the Rules. (See Doc. # 18-2, at 55.)

## II.  JURISDICTION AND VENUE

Because this case arises under 42 U.S.C. § 1983, the court exercises subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (federal question).  The parties do not contest personal jurisdiction or venue, and the court finds adequate allegations supporting both.

## III.  STANDARD OF REVIEW

Summary judgment should be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c).  Under Rule 56, the moving party "always bears the initial responsibility of informing the district court of the basis for its motion." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  "[T]he court must view all evidence and make all reasonable inferences in favor of the party opposing summary judgment." *Haves v. City of Miami*, 52 F.3d 918, 921 (11th Cir. 1995).  The movant can meet this burden by presenting evidence showing there is no genuine issue of material fact, or by showing the non-moving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Celotex Corp.*, 477 U.S. at 322-23.

Once the moving party has met its burden, "an opposing party may not rely merely on allegations or denials in its own pleading; rather, its response must – by affidavits or as otherwise provided in this rule – set out specific facts showing a genuine issue for trial." Fed. R. Civ. P. 56(e)(2).  To avoid summary judgment, the nonmoving party "must do more

than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). A genuine factual dispute exists if a "'reasonable jury could return a verdict for the non-moving party.'" *Damon v. Fleming Supermarkets of Fla., Inc.,* 196 F.3d 1354, 1358 (11th Cir. 1999) (quoting *United States v. Four Parcels of Real Property*, 941 F.2d 1428, 1437 (11th Cir. 1991)). After the nonmoving party has responded to the motion for summary judgment, the court must grant summary judgment if there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c).

### IV. DISCUSSION

#### A.   *Constitutional Challenge*

The plaintiff's first count challenges the constitutionality[2] of "the statutory and customary practice of denying permanent employees a right to an appeal of a suspension of 30 days or less." (Compl. ¶ 29.) She claims deprivation "of her property without due process of law and equal protection of the law" under the Fifth and Fourteenth Amendments to the U.S. Constitution. (*Id.*) As explained below, the plaintiff's claim fails for a number of

---

[2] The defendants argue this court has no jurisdiction to hear the plaintiff's constitutional challenge because the Attorney General of Alabama was never served pursuant to Ala. Code § 6-6-227 (1975). While this is certainly true for state courts in Alabama, the defendants do not cite any authority that the same rule applies to federal causes of action in federal court. The court notes that the notice requirement is located in the civil practice title of the Alabama Code and that at least one other district court has found the provision to be procedural in nature. *Brown v. Bd. of Sch. Comm'rs of Mobile County, Ala.*, 542 F. Supp. 1078, 1081 n.4 (S.D. Ala. 1982) (holding Ala. Code § 6-6-227 "to be a procedural statute for the courts of Alabama, and inapplicable" in federal court under a federal cause of action). Therefore, Ala. Code § 6-6-227 is inapplicable in this instance and it does not deprive this court of jurisdiction.

reasons.

First, the ultimate burden of persuasion lies with the plaintiff, yet she has not provided one shred of evidence. The only document of substance she has filed with this court is a thirty-one paragraph complaint, which was filed ten months ago. Even this is unsworn and contains no evidentiary attachments. She failed to respond to summary judgment even after an extension was granted. Such behavior by a plaintiff may constitute abandonment of her claims. *See Dees v. Hyundai Motor Mfg. Ala. LLC*, No. 07-cv-306, 2008 WL 2157009, at *4 (M.D. Ala. May 21, 2008) ("There appears to be no question that a complete omission of the claim in response to summary judgment is sufficient for a finding of abandonment.") (citing *Wilkerson v. Grinnell Corp.*, 270 F.3d 1314, 1322 (11th Cir. 2001)).

Second, it appears that the plaintiff has not suffered a cognizable injury. Her suspension was for a period of time during which she was not scheduled to work. Thus, although the suspension was unpaid, it appears she did not lose any wages. Jacobs's claim that the suspension will prevent her from receiving raises is belied by the merit pay raise she received on March 12, 2007. (Johnson Aff. ¶ 9; Doc. # 18-2, at 100.)

Third, the plaintiff has failed to establish a *prima facie* claim of constitutional deprivation under either due process or equal protection theories. Jacobs's failure to identify anyone similarly situated to her who was treated differently is fatal to her equal protection claims. *See, e.g.*, *Johnson v. City of Tarpon Springs*, 758 F. Supp. 1473, 1480-81 (M.D. Fla. 1991). Jacobs's due process claim under the Fifth Amendment fails because none of the

defendants are federal actors. *See Hardy v. Town of Hayneville*, 50 F. Supp. 2d 1176, 1185-86 (M.D. Ala. 1999). Jacobs's substantive due process claim under the Fourteenth Amendment fails because any property right she may have had was created solely by state law, which is not subject to substantive due process protection. *See McKinney v. Pate*, 20 F.3d 1550, 1556 (11th Cir. 1994). Finally, her procedural due process claim under the Fourteenth Amendment also fails because the process Jacobs received was constitutionally adequate. *See Black v. City of Auburn*, 857 F. Supp. 1540, 1546 (M.D. Ala. 1994) ("In sum, due process requires that a 'tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story.'" (quoting *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 544-46 (1985))). Therefore, the defendants' summary judgment motion as to the plaintiff's claims under Count One, alleging violations of equal protection and due process, is due to be granted.

### B.   *Violation of the Personnel Board Rules & Regulations*

Jacobs's second claim alleges a violation of her rights to due process and equal protection by the defendants' failure to follow the Personnel Rules. (Am. Compl. ¶¶ 31-34.) This claim is entirely based on her allegation that she did not receive notice of her sentence pursuant to Personnel Rule VIII, Section 13(b).[3] (*Id.* ¶ 31.) Section 13(b) entitles permanent employees to a hearing before their appointing authority, as opposed to the entire Personnel

---

[3] The plaintiff mistakenly cites Rule VIII, Section 12(b).

Board, prior to any suspension. (Doc. # 18-2, at 62.) Additionally, the rule states that "[n]o merit system employee can be . . . suspended 'for cause' by any appointing authority unless and until such employee has been given written notice, setting forth with particularity the charges against him/her and an opportunity to be heard prior to . . . suspension." (*Id.*)

Jacobs's claim is entirely without merit and based on a misunderstanding of the Personnel Rules. It appears she claims that the failure to notify her of her punishment until one day after her suspension began provides the basis for this claim.[4] (Compl. ¶ 25.) However, Rule VIII, Section 13(b) concerns notification of the *charges* against the employee prior to the imposition of a sentence. (*See* Doc. # 18-2, at 62.) The plaintiff's own complaint demonstrates the requirements of Rule VIII, Section 13 were met.

Jacobs received a phone call from her supervisor on February 23, 2007, to discuss the days she left work early. (Compl. ¶ 11.) She was then "specially charged with prematurely leaving her job from December 15, 2006 through February 23, 200[7] and also being insubordinate over the telephone." (*Id.* ¶ 12.) After meeting with her supervisor, she was offered a copy of a written "Employee Counseling Record" on February 24, 2007, which detailed the nature of the charges and recommended a five day suspension without pay. (Doc. # 18-2, at 90.) During this meeting, the plaintiff requested an administrative hearing with the museum director. (Compl. ¶ 13.) The request was granted and a hearing with her supervisors and the museum director was held on March 1, 2007, at which time "the charges

---

[4] The defendants claim that the written notice was mailed to her via certified mail on March 2, 2007. (Def.'s Mot. Summ. J. Br. 13.)

against her were presented." (*Id.* ¶ 14.) As a result of the administrative hearing, and the arguments from Jacobs that the sentence was too harsh, the suspension was reduced from five days to three days. (Woods Aff. ¶¶ 10-11.)

Not only did Jacobs receive notice of the charges against her, but she received and benefitted from the required administrative hearing prior to the imposition of her sentence. Based on the plaintiff's own admissions, it is evident that the requirements set forth in Rule VIII, Section 13(b) were met and she has no grounds to support her claim. Therefore, the defendants' summary judgment motion is due to be granted as to this claim.

## V. CONCLUSION

For the reasons set forth above, it is hereby ORDERED that the defendants' Motion for Summary Judgment (Doc. # 17) is GRANTED as to each and every claim brought by the plaintiff.

An appropriate judgment will be entered.

DONE this 2nd day of June, 2008.

                                    /s/ W. Keith Watkins
                              UNITED STATES DISTRICT JUDGE